THE PRESIDENT, DIRECTORS and COMPANY of the Jefferson County Bank vs. EDWARD PRIME and others.

Before PRATT, GRIDLEY and ALLEN, Justices.

Where a motion was made for an order to remove papers in an equity cause from the county of Jefferson to the city and county of New York, upon the ground, 1st, that one of the Defendants, and the only one residing in Jefferson county, where the bill was filed, was not a necessary or proper party, and that all the rest of the Defendants resided in the city of New York, and 2dly, that it was apparent from the allegations in the bill, that the great burden of the litigation lay in the city of New York—the cause being ready for hearing on a demurrer to the bill for multifariousness, because the Defendant residing in Jefferson was not a necessary or proper party, held, that the bill was regularly filed, and the court could not, in that stage of the suit, grant an order to remove the papers.

The question whether the Defendant in Jefferson was a proper party, was raised by the demurrer, and this court could not anticipate the decision upon it.

In the event the cause should proceed to the taking of testimony, and the great burden of litigation should be found to lie in New York, it would then be in the discretion of the court to order where the issue should be tried, as in cases at law.

*Jefferson General Term, July,* 1848.—The bill in this cause was filed to reach the rights in action and equitable interests of the three first-named defendants therein, setting out several trusts and assignments which

were charged as fraudulent; and also seeking to have determined in the same suit a disputed question as to the ownership of certain shares of stock of the Jefferson County Bank, amounting to $15,000, which the bank had declared forfeited, and had sold to Adriel Ely, who had refused to complete the purchase, on the ground that Edward Prime, the former owner of the stock, still claimed a right to the same. Ely was made a party, and being a resident of Jefferson County, the bill was filed there. A demurrer for multifariousness had been put in, which was ready for a hearing. The motion was for an order that the papers be removed to the city of New York.

J. A. SPENCER, *for the Deft.*

G. C. SHERMAN, *for the Plff.*

By the Court, GRIDLEY, Justice.—By the 50th section of the " act in relation to the judiciary," it is provided that " all bills and petitions or other papers to be filed on the commencement of any suit or proceeding in equity, shall be filed in the office of the clerk of the county where the Defendants, or some or one of them shall reside, unless," &c. " and that all papers and proceedings in suits and proceedings in equity, shall be filed; and all orders and decrees, wherever made, shall be entered in the office of the clerk of the county where the petition, or bill, or first papers were filed, *unless the Supreme Court shall by an order direct the papers in such suit to be transferred to the office of the clerk of some other county.*" It is under the latter branch of this section that the present application is made, and it is based upon two grounds. 1st. That Ely is not a necessary or proper party, and that all the rest of the Defendants reside in the city of New York. 2d. That it is apparent from the allegations in the bill that the great burden of the litigation lies in the city of New York.

1st. With respect to the first ground assumed by the counsel, we are met by the fact that Ely *is* a party Defendant, and it was *regular* to file the bill in the county where any one of the Defendants resided. We can not pronounce, in this stage of the suit, that he is not a proper party to the bill. That question is raised by the demurrer, and we will not anticipate the decision upon it. If it shall turn out that the bill is multifarious, on account of its embracing the matters on account of which he has been made a Defendant, it will then be in season to make this motion.

2d. Looking at the various allegations contained in the bill, we do not doubt that the great burden of the litigation, if the cause shall proceed to the taking of testimony, will be found to lie in the city of New York. In that event, it will be in the discretion of the court to direct where

the issues shall be tried, pursuant to the provisions of the 47th section of the act; and that discretion will be controlled, as in case at law, very much by the convenience of witnesses. Should such an order at the proper time be moved for and granted, sending the cause to New York for trial, it will probably then be a discreet act to send the papers there also. That, however, will not follow as an absolute right, but is subject to be controlled by other facts appearing in the case which may render it proper to retain the *venue* (so to speak) of the suit in the county where the bill was filed. In this case, however, the application is premature. An issue of law and not of fact has been joined, which is yet undisposed of. Upon the hearing of the demurrer, the bill may be dismissed; or it may be held, that Ely is not a proper party; or if the demurrer should be overruled, and the Defendants put to their answer, any fact alleged in the bill may be admitted by them; so that the cause may be ready for a hearing upon the pleadings alone. The Defendants, therefore, have failed of making a case, for the granting of the order prayed for upon any ground whatever, and the motion is for that reason denied.